Of Counsel:
BUSHNELL & MILLER
A Limited Liability Law Company

JEFFREY P. MILLER    7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii 96813
Telephone: (808) 585-6050
Facsimile: (808) 585-6040
Email: jmiller@bushnellmiller.com

Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Thomas Toma, Glen Kaneshige, Eric Hashizume, George Ehara, Paul C.K. Chang, Ronald Taketa, Kyle Chock, Shayne Chung, Keith Hirota, Mitchell Tynanes and Lance Yoshimura; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Sheri Mau, Ron Taketa, Kyle Chock, Justin Kochi, Leonard Hoshijo and Mitchell Tynanes; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, Lani Smithson, Roy Morioka, Lance Yoshimura, Kyle | CIVIL NO. CV14-00013 KSC<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT B & A BUILDERS, INC.<br><br><br><br>Hearing Date: May 27, 2014<br>Time: 9:30 a.m.<br>Judge: Kevin S.C. Chang<br><br><br>No Trial Date Set |

Chock, Sean Newcamp, Mitchell )
Tynanes, Alfred Dela Cruz, Paul )
Chang and Shayne Chung; *Market* )
*Recovery Program by its trustees* )
Thalia Choy, Alan Shintani, Steven )
Hidano, Ken Kawamoto, Gerard )
Sakamoto, Bill Wilson, Lance )
Wilhelm, Leonard Hoshijo, Lance )
Yoshimura, Shayne Chung, Sean )
Newcamp, Kyle Chock, Paul Chang )
and Mitchell Tynanes; *Financial* )
*Security Fund by its trustees* Gordon )
Scruton, Conrad Murashige, Kenneth )
Sakurai, Wesley Mikuni, Alan )
Shintani, Kenneth Spence, Eric )
Tessem, Kyle Chock, Ronald Taketa, )
Shayne Chung, Lance Yoshimura, )
Paul Chang, Sean Newcamp and )
Mark Luna; *Drywall Training Fund* )
*by its trustees* Vince Nihipali, Sr., )
Lito Alcantra, Bert Beaman, Mike )
Goodnight, Kevin Respecki, Sean )
Newcamp, Mark Gaspar, Edmund )
Aczon, David Samson and Ivan Lay; )
*401-K Fund by its trustees* Gordon )
Scruton, Conrad Murashige, Kenneth )
Sakurai, Wesley Mikuni, Alan )
Shintani, Kenneth Spence, Eric )
Tessem, Kyle Chock, Ronald Taketa, )
Paul Chang, Lance Yoshimura, )
Shayne Chung, Sean Newcamp and )
Mark Luna, )
 )
        Plaintiffs, )
 )
  vs. )
 )
B & A BUILDERS, INC.; JOHN )
DOES 1-100; JANE DOES 1-100; )
DOE CORPORATIONS 1-100; DOE )

2

| | )
|---|---|
| PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

### FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT B & A BUILDERS, INC.

On January 10, 2014, Trustees of the Hawaii Carpenters Trust Funds ("HCTF" or "Trust Funds"), by and through their attorneys, Bushnell & Miller, filed this action for damages against B & A Builders, Inc. ("Defendant") alleging that Defendant materially breached its collective bargaining and trust agreements (hereinafter referred to as the "CBA") entered into by Defendant and the United Brotherhood of Carpenters and Joiners of America, Local 745, AFL-CIO (hereinafter referred as the "Union"). The Trust Funds' claim that Defendant failed to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act

3

of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. Sections 185(a), 1145, and 1132(a) and (t).

Personal service of a certified copy of the Complaint and Summons was effected upon Defendant on January 29, 2014. Upon service of the Complaint and Summons, Defendant B & A Builders, Inc. failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, HCTF requested that default be entered against Defendant B & A Builders, Inc., and on March 27, 2014, the Clerk of the Court made an Entry of Default of Defendant B & A Builders, Inc.

On April 14, 2014, the Trust Funds filed a motion for entry of default judgment against Defendant, seeking to recover a money judgment in the amount of the principal sum of $24,500.51, liquidated damages of $14,329.41, 12% interest in the amount of $2,044.71, 401(k) lost earnings interest of $41.16, and audit fees of $80.00, for a total amount of $40,995.79. The Trust Funds also sought an award of attorneys' fees and costs in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D) in the amount of $1,328.56, with an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34, for the drafting of this motion and finalization of the order and judgment thereafter, for a total amount of

attorneys' fees and costs in the amount of $2,113.90.

The Trust Funds' Motion for Default Judgment by Court came on for hearing on May 27, 2014 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Jeffrey P. Miller appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Jeffrey P. Miller, and the exhibits thereto, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. Defendant B & A Builders, Inc. is a Hawaii corporation doing

business in the State of Hawaii.

3. On or about January 26, 2009, Defendant B & A Builders, Inc. made, executed and delivered to the Union, a certain written collective bargaining agreement, effective to and including August 31, 2007, and amended and effective to and including August 31, 2012 entitled "Certification of Receipt and Acceptance Master Agreement Covering Drywall, Acoustical Workers and Lathers in the State of Hawaii and Declaration of Trust Agreements Appurtenant Thereto," a copy of which is attached to the Complaint filed herein as Exhibit "B" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Master Agreement covering carpenters in the State of Hawaii, a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from hourly work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA.

5. In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or

before the due dates as specified in the CBA, to permit audits and to allow inspection of their payroll records so that Plaintiffs are able to ascertain whether all contributions due had been paid.

6. In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

7. In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in lieu of the liquidated damages described in paragraph 6 above, in a sum equivalent to interest at the rate of twelve percent (12%) per annum on all unpaid contributions, if such amount is greater than the liquidated damages described in paragraph 6 above.

8. In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to interest at the rate prescribed by the CBA of twelve percent (12%) per annum on any unpaid trust fund contributions.

9. Under terms of the CBA, Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered by the provisions of the CBA, and said workers performed work and labor undertaken by Defendant during the time the CBA was in full force and effect.

10. Based on Defendant's report dated April 11, 2014, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions and liquidated damages as follows:

| | |
|---|---|
| Delinquent trust fund contributions | $24,500.51 ~~$26,666.38~~ |
| Liquidated damages | $14,329.41 |
| Interest (12% per annum) | $2,044.71 |
| 401(k) Lost Earnings Interest | $41.16 |
| Audit fees | $80.00 |
| TOTAL | $40,995.79 |

together with additional interest at a per diem rate of 12% per annum after April 11, 2014.

11. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or

8

proof.

12. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Defendant further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all of the Trust Funds court, collection costs, and reasonable attorneys' fees.

13. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

14. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant's employees both before and after April 11, 2014.

15. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(I).

16. An award of attorneys' fees to employee benefit plans is

mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

17. This Court reviewed the billing records of Plaintiffs' counsel and the declarations attached to Plaintiffs' motion. Upon said review, this Court finds attorneys' fees and costs in the amount of $1,328.56, with an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for the drafting of this motion and finalization of the order and judgment thereafter, for a total of $2,113.90, to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of damages in the amount of Forty Three Thousand One Hundred Nine and 69/100 Dollars ($43,109.69), inclusive of liquidated damages, 12% interest, 401(k) Lost Earnings Interest, and attorneys' fees and costs in the amount of $2,113.90, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after April 11, 2014.

DATED: Honolulu, Hawaii, _____JUN 0 6 2014_____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

HAWAII CARPENTERS TRUST FUNDS vs. B & A BUILDERS, INC., ET AL., Civil No. CV14-00013 KSC, FINDINGS AND RECOMMENDATIONS TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT B & A BUILDERS, INC.

11